UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETRONE JACKSON,

            Plaintiff,                    CIVIL ACTION NO. 12-13679

    v.                        DISTRICT JUDGE GERSHWIN A. DRAIN

                              MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 12, 13)**

**I.      INTRODUCTION**

Plaintiff Detrone Jackson applied for supplemental security income on May 21, 2009, alleging she became disabled on August 15, 2005 (Tr. 17).  After the Commissioner of Social Security ("Defendant") initially denied Plaintiff's application, she appeared with counsel for a hearing before Administrative Law Judge ("ALJ") John L. Christensen, who considered the case *de novo*.  In a written decision, the ALJ found Plaintiff was not disabled (Tr. 17-24).  Plaintiff requested an Appeals Council review (Tr. 13).  On August 8, 2012, the ALJ's decision became Defendant's final decision when the Appeals Council declined further review (Tr. 1-3).

Acting *pro se*, Plaintiff properly filed a petition for judicial review on August 20, 2012 (Dkt. No. 1).  This matter is before the Court on Plaintiff's motion for summary judgment (filed by Plaintiff's mother) (Dkt. No. 12) and Defendant's motion for summary judgment (Dkt. No. 13).  Judge Gershwin A. Drain referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. No. 14).

Because Plaintiff's petition does not challenge any aspect of the ALJ's decision, and a non-attorney cannot file a motion for summary judgment on Plaintiff's behalf, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

## II.   ANALYSIS

### A.   *Plaintiff's Petition*

Plaintiff's petition simply says she has a learning disability and a judge ordered her to either go to school or spend time in jail for fighting (Dkt. No. 1 at 2). Plaintiff's petition does not challenge any aspect of the ALJ's decision. Therefore, any objections to the ALJ's decision are waived. *See Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989).

### B.   *Plaintiff's Motion for Summary Judgment*

The Court should decline to consider Plaintiff's motion for summary judgment; it was filed by Plaintiff's mother, a non-attorney.[1] *See* 28 U.S.C. § 1654 (in federal court, parties must either conduct their own cases personally or through counsel); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[§ 1654] does not permit plaintiffs to appear *pro se* where interests other than their own are at stake") (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause)); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991) ("[§ 1654] does not allow for unlicensed laymen to represent anyone else other than themselves") (citations omitted).

## III.   CONCLUSION

---

[1]Plaintiff's motion also does not challenge any aspect of the ALJ's decision, and any objections are waived. *See Brainard*, 889 F.2d at 681.

Because Plaintiff's petition does not challenge any aspect of the ALJ's decision, and a non-attorney cannot file a motion for summary judgment on Plaintiff's behalf, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

Dated:  <u>April 30, 2013</u>                                    s/Mark A. Randon
                                                                             Mark A. Randon
                                                                             United States Magistrate Judge


*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 30, 2013, by electronic and/or ordinary mail.*

                                                                    *s/Shawntel Jackson for Eddrey Butts*
                                                                    *Case Manager for Magistrate Judge Randon*

-3-